# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-304-FDW

| | |
|---|---|
| MATTHEW JAMES DURY, | ) |
|           Plaintiff, | ) |
| vs. | ) |
| | )   **<u>ORDER</u>** |
| KEVIN BRIGGS, | ) |
|           Defendant. | ) |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff has filed an application to proceed in forma pauperis. (Doc. No. 2).

## I.    BACKGROUND

Pro se Plaintiff Matthew James Dury is a federal prisoner currently incarcerated at Lewisburg Federal Correctional Institution in Lewisburg, Pennsylvania. Plaintiff filed this action October 9, 2018, pursuant to 42 U.S.C. § 1983,[1] naming as the sole Defendant Kevin Briggs, identified as a detective with the Buncombe County Sheriff's Office at all relevant times. Plaintiff alleges the following:

> On November 9, 2007, . . . [Defendant Briggs] . . . falsely detained Plaintiff for 46 minutes in Henderson County, with no warrant for arrest, no attorney present, no Henderson County detective, no Miranda warning, no search warrant, and no probable cause of any alleged crime where [Plaintiff] was a suspect.

---

[1] Plaintiff captioned this action as an "Individual Capacity Motion Pursuant to Bivins and <u>Trezevant Vicinity of Tampa</u>, 741 F.2d 336 (11th Cir. 1984) with a 6th Amendment Jury Trial."

(Doc. No. 1 at 2). Plaintiff seeks compensatory and punitive damages against Defendant Briggs.

Before addressing Plaintiff's claim in this action, the Court notes that it has considered Plaintiff's IFP affidavit, in which Plaintiff swears under penalty of perjury that he has "only .36 cents on his inmate account. He has no income source and between [$8000 to $10000] encumbered to his inmate account for fine and fees that prison staff charge[d] plaintiff." (Doc. No. 2 at 1). The Court finds that Plaintiff has no funds or inadequate funds to assess an initial partial filing fee. Therefore, the payment of an initial partial filing fee is waived. However, Plaintiff is still liable for the full filing fee and is directed to pay this fee by monthly payments in accordance with this order. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

As his sole claim, Plaintiff alleges that Defendant Briggs illegally detained Plaintiff on November 9, 2007. Plaintiff filed an identical action against the same Defendant on September 10, 2018, and on September 18, 2018, this Court dismissed Plaintiff's action on initial screening as barred by the applicable statute of limitations. See (Dury v. Briggs, 1:18cv258 (W.D.N.C.)). This action is, therefore, barred by res judicata and will be dismissed. See Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (noting that an action will be barred by res judicata where there was a judgment on the merits in a prior suit resolving claims by the same parties or their privies, and the subsequent suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's In Forma Pauperis Application, (Doc. No. 2), is **GRANTED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.

3. The Clerk is respectfully instructed to terminate this action.

4. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full. The Clerk is respectfully instructed to mail this Order to Lewisburg US Penitentiary, P.O. Box,

Lewisburg, PA 17837.

Signed: October 29, 2018

Frank D. Whitney
Chief United States District Judge